**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

YUSNEY FIGUEROA ARGUELLES,

Petitioner,

v.

U.S. ATTORNEY GENERAL, et al.,

Respondents.

Case No. 1:26-cv-05321 JLT FJS

A-Number: 074-073-591

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; ORDERING PETITIONER'S RELEASE ON APPROPRIATE CONDITIONS; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Doc. 1)

Yusney Figueroa Arguelles proceeds with a petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.)[1] This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition. (Doc. 1).

[1] On August 3, 2026, Respondents moved to dismiss this petition on the grounds that Petitioner had a pending petition in the Middle District of Florida, where he was originally detained. (*See* Doc. 5.) The Court then stayed this matter until his earlier-filed Florida Petition was resolved. (Doc. 8.) Subsequently, Petitioner voluntarily dismissed the Florida action (Doc. 10), and the magistrate judge ordered Respondents to respond to this Petition. (Doc. 11.) Under these circumstances, there is no suggestion that this case constitutes an abuse of the writ, so the Court will deny the motion to dismiss and will proceed to resolve the Petition.

Petitioner is a citizen of Cuba, who became a lawful permanent resident of the United States in 2001. (Doc. 14-1.) In 2005, he was convicted of robbery with a firearm and sentenced to 15 years in prison. (*Id*.) Based on that conviction, he was ordered removed to Cuba in September 2010, and his order of removal became final at that time because he waived appeal. (Doc. 14-2.) Upon his release from state custody in 2016, he was transferred to ICE custody but later released on supervision because he could not be removed to Cuba. (*See* Doc. 1 at 5; see also Doc. 14-3.)

On January 2, 2026, his supervision was revoked and he was returned to ICE custody. (See Doc. 14-3.) ICE provided Petitioner with written notice that the revocation was due to "changed circumstances" and "recent criminal history and . . . failure to follow the conditions set forth in your order" of supervision. (*Id*.) As to the latter, Petitioner denies any recent criminal record or history of violations. (Doc. 15 at 1–2) Despite parroting language from the Revocation Notice in their Answering brief (Doc. 14 at 2), Respondents offer absolutely no proof that Petitioner engaged in criminal activity after his release on supervision or that he otherwise violated the terms of his release.

As to the assertion of "changed circumstances," Respondents do not claim that Petitioner can now be removed to Cuba; rather, they assert he is "subject to removal to Mexico." (Doc. 14 at 2.) Respondents provided Petitioner with notice of their intent to remove him to Mexico on two occasions, but Petitioner has refused to consent. (*See* Docs. 14-4, 14-5.)

The Court has addressed these issues previously. First, "this case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*," but instead is "about ICE's authority to re-detain [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." *Huang v. Albarran*, No. 1:25-CV-01308 JLT EPG, 2025 WL 3632673, at *2 (E.D. Cal. Dec. 15, 2025) (quoting *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025)). Under these circumstances, it is Respondents' burden to show a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. *Id.*

This Court has also addressed likelihood of removal in similar circumstances on several

occasions. Though Respondents claim to be pursuing third country removal to Mexico, they have failed to explain how they can effectuate such a removal without Petitioner's consent. *See Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026) ("As several other courts have explained, though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who consent to be removed there."); *Aleman v. Warden, Cal. City Detention Ctr.*, No. 1:26-CV-03988 JLT EPG (HC), 2026 WL 3190285, at *1 (E.D. Cal. Oct. 23, 2026) ("This assertion, made repeatedly in numerous cases notwithstanding this Court's prior rulings regarding the likelihood of effectuating a third country removal to Mexico without the non-citizen's consent, effectively amounts to an admission that Respondents have no practical plans for removal."); *Mata v. Warden, Mesa Verde Det. Facility*, No. 1:26-CV-08176-JLT-EGC (HC), 2026 WL 3220232, at *1 (E.D. Cal. Oct. 27, 2026) (same); *Ortiz-Gamez v. Noem*, No. 2:26-CV-01355-JLT-HBK (HC), 2026 WL 2593004, at *1 (E.D. Cal. Sept. 2, 2026) ("The record is devoid of any evidence suggesting Mexico will accept Petitioner in the absence of his consent, and Petitioner's assertion of fear of being deported to Mexico amounts ipso facto to non-consent.").

Therefore, despite Petitioner's criminal record, it appears that Respondents have failed to take any serious action to remove Petitioner, or to otherwise explain their intentions. Because Respondents have failed to demonstrate that removal is reasonably foreseeable, for the reasons set forth in the cases cited above, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision.

Thus, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.
2. Respondents' motion to dismiss (Doc. 5.) is **DENIED**.
3. Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody on appropriate conditions.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed

circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

5. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _November 9, 2026_

UNITED STATES DISTRICT JUDGE